The opinion .of the Court was delivered by
Dunkin, Ch.
The deed of November, 1849, though void as to Christiana Hamilton, was valid as to her husband, Joseph A. Hamilton; and so it was ruled in Brown vs. Spann, 2 Mill, 12. The deed purported to convey the entire premises, with a general warranty. However limited the interest of Hamilton might then have been, or if he had no interest, this affected the right which he subsequently acquired upon the death of his wife. Such is the doctrine of the authority cited in the decree ; and in 1 Atk. 489, it is said, if a man convey land which is not *440 his, and he afterwards purchase the land, or it descend to him, the lease shall enure by way of estoppel. The subject is elaborately discussed by the Court of Appeals in Equity, in the case of the administrator of Smith vs. Buford, Ms. Col. 1822.
The deed of November, 1849, was sustained by valuable consideration, and, if the grantee had been a stranger, it would seem to follow, that, on the death of Mrs. Hamilton, the right of her husband was in bis grantee under the deed of November. The right of Mrs. Hamilton’s children not being affected by the deed, two-thirds of the inheritance vested in them, and they became, at law, tenants in common yiith the grantees under the deed of November, 1849. But, for the reasons stated in the decree, the title in this Court is considered to pass to the grantees only for .certain purposes, and when those purposes were accomplished, the grantees were accountable for the residue or surplus. It makes no difference in the relative rights of the parties, that the grantees in the deed were sons of Mrs. Hamilton. They paid a valuable consideration, and occupy the position of purchasers. The question of most doubt is, whether any interest passed to the defendant, Keller, under the purchase from the sheriff, in January, 1850. The principle is. thus stated by Sir James Wigram, in Bourne vs. Bourne, 2 Hare, 38: “If the trustee had taken the property with absolute directions to sell and convert it, the circumstance, that the directions had not been carried into effect at the death of the testator, might have been immaterial, and it might have been treated as personalty. But, in this case, there was no absolute or compulsory direction for the sale or conversion of the estate ; it is merely an authority, in a certain event, to enter into possession of this estate, and, at the discretion of the trustee, to sell it, for the purpose of recovering payment of the debt for the mortgage.” So, here, the Circuit Chancellor thought there was no such clear indication that the land should be converted, out and out, as to prevent it from retaining the character of realty. It is not very clear. But Keller is also a judgment creditor of Hamilton; and, besides, there is no appeal on this point. It is not an inquiry in which *441 the complainants have any interest. It could only be important to Joseph A. Hamilton, or his general creditors.
It is ordered and decreed, that the appeal he dismissed.
Johnston, Dargan and Wardlaw, CC., concurred.

Decree affirmed.